# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARMOND DAVIS ROSS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 15-CV-178-GKF-FHM ) |
| MIKE ADDISON, Warden, | ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

On April 9, 2015, Petitioner, a state inmate appearing pro se, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner also paid the $5.00 filing fee (Dkt. # 2). In his petition, Petitioner challenges the constitutionality of his convictions and sentences entered in Rogers County District Court, Case No. CF-2004-648.[1] For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be dismissed without prejudice for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.

Petitioner has in the past filed another habeas corpus action in this Court, N.D. Okla. Case No. 08-CV-475-TCK-TLW, challenging the same convictions and sentences at issue in this case. In the prior case, the Court denied the petition by Opinion and Order entered March 30, 2012. In

---

[1]In Rogers County District Court, Case No. CF-2004-648, Petitioner was convicted of three counts of First Degree Rape, one count of Causing a Child to Participate in Child Pornography, and one count of Lewd Molestation. See Dkt. # 1 at 78. He was sentenced to life imprisonment without the possibility of parole on each of the Rape convictions, and to twenty years imprisonment on each of the other two convictions, all to be served consecutively. Id.

denying habeas relief, the Court substantively addressed federal grounds for setting aside Petitioner's state convictions. Judgment in favor of Respondent was entered on March 30, 2012. Petitioner did not appeal to the Tenth Circuit Court of Appeals.

In the instant petition for writ of habeas corpus (Dkt. # 1), Petitioner claims that: (1) he has been denied due process "when new private investigator proved actual innocence, but trial judge, the father of the prosecutor could not refute or disprove claim and refused to conduct a due process hearing," (2) the "state fact finding process was inadequate and ineffective to protect Petitioner's federal constitutional rights," (3) Respondents have violated the Americans With Disabilities Act, and (4) "Petitioner was denied his Federal constitutional rights to a fair trial, 6th Amendment rights in trial, direct appeal and Post-Conviction." See Dkt. # 1. As discussed above, the Court has previously determined, in N.D. Okla. Case No. 08-CV-475-TCK-TLW, the legality of Petitioner's detention. Therefore, the petition filed in this case is a second or successive habeas petition and Petitioner was required to obtain authorization from the Tenth Circuit Court of Appeals before filing it. 28 U.S.C. § 2244(b)(3)(A); Moore v. Schoeman, 288 F.3d 1231, 1236 (10th Cir. 2002). Nothing suggests that Petitioner received authorization from the Tenth Circuit before filing the instant petition in this Court.

The Tenth Circuit Court of Appeals has determined that, "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper

2

forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

After review of the petition filed in this case, the Court finds that it would be a waste of judicial resources to transfer this petition to the Tenth Circuit. To the extent the claims arose at the time of trial and sentencing, or almost ten (10) years ago, they are time-barred. 28 U.S.C. § 2244(d)(1)(A). Furthermore, any claim challenging Oklahoma's post-conviction procedures is not cognizable on federal habeas review. Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998). Lastly, Petitioner fails to present any new colorable evidence in support of his conclusory claim of actual innocence raised in ground one. Therefore, the Court finds it is not in the interest of justice to transfer the petition filed in this Court to the Tenth Circuit and the petition for writ of habeas corpus shall be dismissed without prejudice for lack of jurisdiction. Should Petitioner obtain authorization from the Tenth Circuit, he may refile his petition in this Court.

**ACCORDINGLY IT IS HEREBY ORDERED that**:

1. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for lack of jurisdiction as a successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.

2. Should Petitioner obtain authorization from the Tenth Circuit, he may refile his petition.

3. A separate judgment shall be entered in this matter.

**DATED** this 13th day of April, 2015.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT